# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6422 | **DATE** | 11/13/2003 |
| **CASE TITLE** | JAMISON vs. UGN, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Rieter Acquisition Corp.'s motion to dismiss [10-1] is denied. Defendant RAC shall answer the complaint by November 25, 2003. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | NOV 18 2003 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 24 |
| | Notified counsel by telephone. | | docketing deputy initials | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | 11/13/2003 | |
| | Mail AO 450 form. | | date mailed notice | |
| | Copy to judge/magistrate judge. | | PW | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY L. JAMISON, ) | |
| ) | |
| Plaintiff, ) | No. 03 C 6422 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| UGN, INC., RIETER HOLDING LTD., ) | |
| RIETER ACQUISITION CORP., ) | |
| RIETER AUTOMOTIVE NORTH ) | |
| AMERICA, INC., and DAVID WESTGATE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Gary L. Jamison sues UGN, Inc., Rieter Holding Ltd., Rieter Acquisition Corp. (RAC), Rieter Automotive North America, Inc., and David Westgate, for violations of state and federal law relating to an employment discrimination suit. Federal jurisdiction relies on Jamison's age discrimination claim. 29 U.S.C. § 621, *et seq.* At issue here is Count IV, which alleges RAC intentionally interfered with the contractual relationship between Jamison and his employer. RAC moves to dismiss Count IV for lack of personal jurisdiction and failure to state a claim pursuant to Rules 12(b)(2) and 12(b)(6).

## BACKGROUND

Jamison was employed by UGN from June 1994 until he was terminated December 3, 2002. Compl. ¶ 1. He entered into a written employment agreement with UGN on January 1, 1995. Compl. at ¶ 13. The contract specified an initial five-year term, followed by a series of one-year options. *Id.* RAC, a subsidiary of Rieter Holding, Ltd., is a Delaware corporation and owns 50%

1

of UGN's stock. Def.'s Ex 1 at ¶ 6. As a 50% owner, RAC had the right to designate four of the eight UGN board of directors. At least one of RAC's board members, defendant David Westgate, serves on UGN's board. Def.'s Ex. 1 ¶¶ 3,8. Another RAC board member, Richard Derr, serves as Secretary of UGN's Board of Directors. *Id.* Jamison alleges RAC solicited him to breach his fiduciary duty to UGN and to subordinate UGN's interests to those of RAC, the parent corporation. Compl. at ¶¶47-49. He claims UGN discriminated against him because of his age. Compl. at ¶ 27. Jamison asserts he was terminated because he refused to disregard his duties to UGN and questioned Rieter's financial practices. Compl. at ¶¶ 47-49. Put another way, he contends that RAC, acting through Westgate and other employees, retaliated against him by improperly influencing UGN to end his employment. Compl. at ¶¶ 49.

## DISCUSSION

### 1. Personal Jurisdiction

Both RAC and Jamison submit affidavits in support of their positions on personal jurisdiction. Once personal jurisdiction has been challenged under Rule 12(b)(2), Jamison must establish that the court has personal jurisdiction over RAC. *RAR, Inc. v. Turner Diesel* 107 F.3d 1272, 1276 (7th Cir. 1997); *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001); *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). To that end, the court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *see also Hyatt Int'l Corp.*, 302 F.3d at 712-13. Any conflict presented by affidavit must be resolved in Jamison's favor. *Hyatt Int'l Corp.*, 302 F.3d at 712-13.

2

A federal district court may exercise personal jurisdiction over a nonresident defendant if jurisdiction over that defendant is proper under the law of the forum state. *See RAR*, 107 F.3d at 1276.; Fed. R. Civ. P. 4(e). To establish specific jurisdiction, Jamison must demonstrate RAC "purposefully established minimum contacts within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Whether RAC had sufficient minimum contacts with Illinois depends on whether it could "reasonably anticipate being haled into court" in Illinois. *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980). These contacts may not be fortuitous or attenuated. Instead, this requirement is satisfied when the defendant purposefully directed his activities at the forum state and the litigation arises from injuries caused by those activities. *Burger King Corp.*, 471 U.S. at 474.

RAC has a 50% interest in UGN. On its own, a parent corporation's ownership interest in its subsidiary does not establish personal jurisdiction. *See Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) (absent an unusually high degree of parental control, personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are observed); *see also Gruca v. Alpha Therapeutic Corp.*, 19 F. Supp.2d 862, 866-67 (N.D.Ill. 1998) (jurisdiction established over parent by showing parent substantially controls subsidiary's activities). However, Jamison alleges RAC, through the acts of Westgate and others, improperly influenced UGN to terminate his employment contract. Compl. at ¶¶ 47-49. Tortious interference with contractual relations may subject a party to personal jurisdiction in Illinois under the state's long-arm statute. 735 ILCS § 5/2-209(a)(2); *Cleary v. Sterenbuch*, No. 01 C 5109, 2001 WL 1035285, *2 (N.D.Ill. Sept. 10, 2001). Even if tortious acts were committed elsewhere, RAC may be subject to personal jurisdiction in

Illinois. *See Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202-3 (7th Cir. 1997) ("the state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders"); *ISI Int'l, Inc. v. Borden Ladner Gervais, LLP*, 256 F.3d 548, 551 (7th Cir. 2001).

Derr's affidavit stating RAC had no contact with Illinois conflicts with Jamison's affidavit and the complaint. For purposes of a motion to dismiss, this discord is resolved in Jamison's favor. *Hyatt Int'l Corp.*, 302 F.3d at 712-13. RAC contends it lacks sufficient contacts with Illinois because mere stock ownership is insufficient to establish personal jurisdiction. This misses the essence of Jamison's claim. He alleges RAC's alleged malfeasance led to the cancellation of his contract and economic injury in Illinois. "The state in which the victim of a tort suffers injury may entertain a suit against the accused tortfeasor." *Janmark*, 132 F.3d at 1203. Accordingly, Jamison has adequately established the court's personal jurisdiction over RAC.

## 2. Intentional Interference Claim

In Count IV, Jamison alleges RAC's conduct constitutes intentional interference with his contractual relationship with UGN. Compl. at ¶¶ 44-52. RAC argues Jamison's suit should be dismissed for failure to state a claim. For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in Jamison's favor. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). The complaint will be dismissed only if it appears beyond doubt Jamison cannot prove facts sufficient to support the allegations made in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

To state a claim for intentional interference with contractual relations under Illinois law, Jamison must allege: (1) the existence of a valid and enforceable contract with UGN, (2) RAC's awareness of the agreement, (3) RAC's intentional and unjustified inducement of UGN to breach the employment agreement, (4) UGN's actual breach of the agreement, and (5) damages. *See Murnik v. Kabo Chemicals, Inc.*, 1997 WL 567801, *2 (N.D.Ill. Sept. 4, 1997) *quoting A-Abart Electric Supply, Inc. v. Emerson Electric Co.*, 956 F.2d 1399, 1404 (7th Cir. 1992). RAC contends Jamison fails to state a claim because he has not plead these elements with factual specificity. RAC argues that the complaint consists of inadequate conclusory allegations. In support of this proposition, RAC cites Palda v. General Dynamics Corp. 47 F.3d 872 (7th Cir. 1995) (breach of contract action fails because contract requires certain factual elements to be satisfied). *Palda*, however, stands for the proposition that pleading legal conclusions is insufficient when the contract itself calls for more, not that a plaintiff must plead an intentional interference claim with specificity. *See id.* at 875.

This court has considered this issue before. *Schnusenberg v. Univ. of Chicago* rejected the argument that a plaintiff must plead each element of a tortious interference claim with factual specificity. No. 96 C 2467, 1996 WL 451313, * 2 (N.D.Ill. Aug. 7, 1996). Conclusory factual allegations are permissible within the requirements of Rule 8. *Id.*; *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2003) (complaint not required to allege all, or any, of the facts entailed by the claim); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Jamison pleads sufficient facts to state a claim for intentional interference with contractual relations. He alleges the existence of his employment contract and RAC's knowledge of the agreement. Compl. at ¶ 13, 46. He asserts UGN terminated his employment relationship due to RAC's actions, causing him injury. Compl. at ¶¶ 47-50. RAC's argument that Westgate's activities may be subject

to a qualified privilege if he acted on RAC's behalf is immaterial to RAC's liability. *See Cress v. Recreation Services*, 795 N.E.2d 817, 843, 277 Ill. Dec. 149, 175 (Ill. App. Ct. 2003). On a motion to dismiss, the court tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). RAC fails to show Jamison cannot establish a claim for intentional interference with contractual relations as a matter of law. Accordingly, the motion to dismiss for failure to state a claim must be denied. *See Hernandez*, 324 F.3d at 537.

## **CONCLUSION**

RAC's alleged tortious acts subject them to the personal jurisdiction of this court. Jamison is not required to plead his claims for intentional interference with contractual relations with specificity to state a claim. Accordingly, RAC's motion to dismiss is denied.

November 13, 2003         ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge